## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| KENYA DANTZLER; | ) |
| | ) No. |
| | ) |
| Plaintiff, | ) |
| v. | ) Judge |
| | ) Magistrate Judge |
| CITY OF CHICAGO; and | ) |
| Chicago Police Officers | ) |
| RONALD JENKINS, Star 21257; | ) |
| CALVIN RIDGELL JR., Star 6997; | ) |
| ERIC SLEDGE, Star 150; and | ) |
| United States Marshal | ) |
| PHILLIP LEIBAS Jr., Star 3616; | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

1.     This is an action for money damages brought pursuant to 42 U.S.C. § 1983, Bivens v. Six Unknown Federal Agents, 403 U.S. 388 (1971), and the common law and statutes of the State of Illinois.

2.     Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4.     Plaintiff is a resident of Chicago.

5.     Defendant-Officers JENKINS, RIDGELL, and SLEDGE are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6.     Defendant-Officer LEIBAS is a duly appointed and sworn United States' Marshal employed as members of the Great Lakes Fugitive Task Force. At all times relevant to this Complaint, Leibas was acting in the course and scope of his employment, and under color of law. Plaintiff names Defendant Leibas pursuant to Bivens v. Six Unknown Federal Agents, 403 U.S.

388 (1971), for violating Plaintiff's federally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution.

      7.    The Defendant-Officers are sued in their individual capacities.

**Facts**

      8.    On or about March 5, 2010, around 7:00 a.m., Plaintiff was inside her apartment located at 6816 South Campbell, First Floor, Chicago, with her minor child and two children she was babysitting.

      9.    Plaintiff heard a loud banging on her door.

      10.    Plaintiff answered the door.

      11.    Plaintiff observed Defendant-Officers in the hallway with guns pointed at her.

      12.    Defendant-Officers entered Plaintiff's apartment.

      13.    Plaintiff did not consent to the Defendant-Officers entering the home.

      14.    Defendant-Officers did not have a search warrant.

      15.    Defendant-Officers did not have exigent circumstances.

      16.    Defendant-Officers did not have any other legal justification to enter or search Plaintiff's home.

      17.    Defendant-Officers asked Plaintiff if Antonio Thompson was there.

      18.    Plaintiff told the officers that Antonio was not there.

      19.    Antonio Thompson was not in Plaintiff's home.

      20.    Antonio Thompson was Plaintiff's sister's boyfriend.

      21.    Antonio Thompson did not live with Plaintiff.

      22.    Plaintiff's sister did not live with Plaintiff.

      23.    Defendant-Officers took Plaintiff into one of the bedrooms and told her she could not leave.

      24.    Plaintiff was seized and not free to leave.

      25.    The Defendant-Officers began to search the house.

      26.    Plaintiff did not give the Defendant-Officers consent to search.

      27.    Defendant-Officers did not have a search warrant authorizing them to search the home.

      28.    Defendant-Officers did not limit their search to areas where a person could hide, but rather searched in drawers and small containers.

29.     Defendant-Officers remained in Plaintiff's home for approximately five hours.

30.     Each individual Defendant-Officer acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiffs' rights.

31.     As a direct and proximate result of the acts of the Defendants described above, Plaintiffs suffered damages including property damage, emotional distress, and other damages.

## COUNT I
### (42 U.S.C. § 1983 – Illegal Search of Home)

32.     Plaintiff realleges paragraphs 1 through 31 as if fully set forth herein.

33.     Defendant-Officers JENKINS, SLEDGE and RIGDELL searched Plaintiff's home.

34.     Defendant-Officers did not have a search warrant, consent, exigent circumstances, or any other legal justification to search Plaintiff's home.

35.     Searching Plaintiff's home without any legal justification violated her Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)      Enter judgment against Defendant-Officers,

b)      Award Plaintiff compensatory and punitive damages,

c)      Award attorneys' fees and costs, and

d)      Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (Bivens – Illegal Search of Home)

36.     Plaintiff realleges paragraphs 1 through 31 as if fully set forth herein.

37.     Defendant-Officer LIEBAS searched Plaintiff's home.

38.     Defendant-Officers did not have a search warrant, consent, exigent circumstances, or any other legal justification to search Plaintiff's home.

39.     Searching Plaintiff's home without any legal justification violated her Fourth Amendment right to be free from unreasonable searches.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)      Enter judgment against Defendant-Officers,

b)      Award Plaintiff compensatory and punitive damages,

c)      Award attorneys' fees and costs, and

d)      Award any further relief that this Honorable Court deems just and equitable.


## COUNT III
### (42 U.S.C. § 1983 – Unreasonable Seizure)

40.     Plaintiffs reallege paragraphs 1 through 31 as if fully set forth herein.

41.     The seizure of Plaintiff without legal justification violated her Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)      Enter judgment against Defendant-Officers,

b)      Award Plaintiff compensatory and punitive damages,

c)      Award attorneys' fees and costs, and

d)      Award any further relief that this Honorable Court deems just and equitable.


## COUNT IV
### (*Bivens* – Unreasonable Seizure)

42.     Plaintiffs reallege paragraphs 1 through 31 as if fully set forth herein.

43.     The seizure of Plaintiff without legal justification violated her Fourth Amendment right to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)      Enter judgment against Defendant-Officers,

b)      Award Plaintiff compensatory and punitive damages,

c)      Award attorneys' fees and costs, and

d)      Award any further relief that this Honorable Court deems just and equitable.

## COUNT V
**(Indemnification Claim pursuant to 745 ILCS 10/9-102)**

44.     The acts of Defendant-Officers JENKINS, RIGDELL and SLEDGE described in the above claims were willful and wanton, and committed in the scope of employment.

45.     Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from said Defendant-Officers' actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify said Defendant-Officers for any judgment entered in this case arising from their actions.

**Jury Trial Demanded**

Respectfully submitted,

/s/ Adele D. Nicholas
*Counsel for the Plaintiff*

Lawrence V. Jackowiak
Adele D. Nicholas
Jackowiak Law Offices
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595

5